UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL MULTI-MEDIA ) <br> CORPORATION ) <br> 3 Bala Plaza East, Ste. 104 ) <br> Bala Cynwyd, PA 19004 ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> HON. DAVID KAPPOS ) <br> Under Secretary of Commerce for ) <br> Intellectual Property and Director of ) <br> the United States Patent and Trademark ) <br> Office ) <br> P.O. Box 15667, Arlington, VA 22215 ) <br> Madison Building East, Rm. 10B20 ) <br> 600 Dulany Street, Alexandria, VA 22314 ) <br>   ) <br> Defendant. ) | Civ. Action No. _____ |

## COMPLAINT

Plaintiff International Multi-Media Corporation ("IMMC"), for its complaint against the Honorable David Kappos, states as follows:

## NATURE OF ACTION

1. This is an action by the assignee of United States Patent No. 7,567,779 ("the '779 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '779 patent be changed from 128 days to 409 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

1881241

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

4. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A) and Fed. R. Civ. P. 6(a)(1)(C). Since the 180-day deadline set forth in 35 U.S.C. § 154(b)(4)(A) falls on January 24, 2010, which is a Sunday, the period continues to run until the end of Monday, January 25, 2010 pursuant to Fed. R. Civ. P. 6(a)(1)(C).

## THE PARTIES

6. Plaintiff IMMC is a corporation, organized, existing and doing business under and by virtue of the laws of the State of Pennsylvania having a registered address at 3 Bala Plaza East, Ste. 104, Bala Cynwyd, PA 19004.

7. Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patient & Trademark Office ("PTO"), acting in his official capacity. The Director is charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

8. Sherwin I. Seligsohn and Scott Seligsohn are the inventors of U.S. patent application number 11/228,144 (hereinafter "the '144 application"), entitled SUB-

1881241

ORBITAL, HIGH ALTITUDE COMMUNICATIONS SYSTEM, which issued as the '779 patent on July 28, 2009. The '779 patent is attached hereto as Exhibit A.

9. IMMC is the assignee of the '779 patent, as evidenced by the assignment documents recorded in the PTO.

10. Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b).

11. 35 U.S.C. § 154(b) requires that patent terms be adjusted to compensate for failures of the PTO to take certain actions on patent applications within designated time limits.

12. In calculating the patent term adjustment, the Defendant must take into account PTO delays under 35 U.S.C. § 154(b)(1), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

13. 35 U.S.C. § 154(b)(3)(B) states that "the Director shall- (i) make a determination of the period of any patent term adjustment under this subsection, and shall transmit a notice of that determination with the written notice of allowance of the application . . . ."

14. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

3

## CLAIM FOR RELIEF

15. The allegations of paragraphs 1-14 are incorporated in this claim for relief as if fully set forth herein.

16. The patent term adjustment for the '779 patent, as determined by the Defendant under 35 U.S.C. § 154(b), and listed on the face of the '779 patent, is 128 days. (See Exhibit A at 1).

17. Under 35 U.S.C. § 154(b)(1)(B), Plaintiff is entitled to an adjustment of the term of the '779 patent of a period of 315 days, which is the number of days the issue date of the '779 patent exceeded three years from the actual filing date of the '144 application (from September 16, 2005 until July 28, 2009) ("B Delay") as calculated by the PTO.

18. Under 35 U.S.C. § 154(b)(1)(A), Plaintiff is entitled to an additional adjustment of the term of the '779 patent of 281 days, the number of days attributable to PTO examination delay in providing a first notification under 35 U.S.C. § 132 beyond 14 months of the date of filing under 35 U.S.C. § 111(a) (from November 16, 2006 to August 24, 2007) ("A Delay").

19. 35 U.S.C. § 154(b)(2)(A), provides that "to the extent that periods of delay attributable to grounds specified in paragraph [b](1) overlap, the period of any adjustment ... shall not exceed the actual number of days the issuance of the patent was delayed." In *Wyeth v. Kappos*, No. 2009-1120, slip op. (Fed. Cir. January 7, 2010), attached hereto as Exhibit B, the U.S. Court of Appeals for the Federal Circuit held that for purposes of identifying "overlap" between "A Delay" and B Delay" under 35 U.S.C. § 154(b)(2)(A),

the "period of delay" for "B Delay" begins when the PTO has failed to issue a patent within three years, not before.

20. In accordance with *Wyeth*, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (281 + 315 = 596 days) reduced by the number of days of "A Delay" that overlaps with "B. Delay" (0 days) and reduced by the number of days of applicant delay (187 days as determined by the PTO) for a net adjustment of 409 days.

21. The Director erred in the determination of patent term adjustment by treating the "period of delay" for "B Delay" for purposes of identifying "overlap" under 35 U.S.C. § 154(b)(2)(A), as running from the filing date of the patent application rather than beginning when the PTO has failed to issue a patent within three years. Thus, the Director erroneously determined that the overlapping period of delay between "A Delay" and "B Delay" under 35 U.S.C. § 154(b)(2)(A) is 281 days, rather than the correct number of 0 days, as there was no overlap between the "A delay" and the "B delay."

22. The Director's determination that the '779 patent is entitled to only 128 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and respectfully requests that this Court enter Orders:

    a. Changing the period of patent term adjustment for the '779 patent from 128 days to 409 days, and requiring Defendant to extend the

5

term of the '779 patent to reflect the 409 day patent term adjustment; and

b.  Granting such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully submitted,

John R. Hutchins, D.C. Bar No. 456749
KENYON & KENYON LLP
1500 K Street, NW
Washington, D.C. 20005-1257
(202) 220-4217
D.C. Bar No.:
*Attorneys for Plaintiff*
*International Multi-Media Corporation*

OF COUNSEL:

Stuart J. Sinder
Daniel S. Matthews
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1050
(212) 425-7200

Dated: January 25, 2010